UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE LEWIS

Plaintiff,

v.

CTC Property, LLC, and Cynthia Kay in their official capacity

Defendants.

NO.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Steve Lewis, by and through his attorneys Conrad Reynoldson and Marielle Maxwell of Washington Civil & Disability Advocate bring this Complaint against Defendants CTC Property, LLC, and Cynthia Kay.

## I. OVERVIEW

1.1 CTC Property, LLC is a company that owns commercial real estate property in Washington state. This property is, in turn, managed by designated broker and property manager Crystal Lynn. On information and belief, Cynthia Kay operates as the owner of the property and makes decisions regarding compliance with local and federal laws. (collectively, "Defendants")



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1.2 On information and belief, Defendants own and operate property, herein "20th Street Property", located at 14220 NE 20th St. Bellevue WA 98007, Parcel Number 6391200020.

1.3 The above-listed parcel is a commercial real estate property adjacent to and connected to other buildings to form a shopping plaza that houses various businesses (the "Shopping Plaza").

1.4 The businesses in this Shopping Plaza that are located within the 20th Street Property include Möge Tee (a tea café), Nan Noodles, VLV Cuts (a hair salon), and Hockey-Lacrosse WOLF (a sports store).

1.5 The Shopping Plaza businesses are served by one parking lot in front of the Shopping Plaza buildings on 20th Street and one parking lot behind the buildings on 21st Street. Defendants have one ADA-designated space located within the 20th Street Property parcel.

1.6 As private entities, Defendants are subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., which prohibits discrimination against individuals on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation. Under the ADA, public accommodations include parking services, which must be provided consistent with the Department of Justice 2010 ADA Standards for Accessible Design ("2010 ADA Standards") or the precursor standards for ADA compliance adopted in 1991, the 1991 ADA Standards for Accessible Design ("1991 ADA Standards"). See 28 CFR part 36, subpart D; the 2004 Americans with Disabilities Act Accessibility Guidelines (ADAAG) at 36 CFR part 1191, appendices B and D; and 28 CFR part 36, subpart D, appendix A ("1991 ADA Standards").

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1.7 Like the ADA, the Washington Law Against Discrimination ("WLAD") RCW 42.60 et seq. prohibits discrimination against individuals on the basis of disability in places of public resort, accommodation, or amusement.

1.8 This litigation is brought by Plaintiff Steve Lewis. He has a mobility disability which limits him in the major life activity of walking and requires him to use a wheelchair. Mr. Lewis drives himself in a motor vehicle modified for wheelchair use as his preferred means of travel to locations relevant to his employment, commercial, and social activities.

1.9 Mr. Lewis visited the Shopping Plaza where the 20th Street Property is located and subsequently encountered barriers to the full access guaranteed by the ADA and WLAD.

1.10 Defendants have violated Title III and Washington's Law Against Discrimination because Defendants operate a property as a place of public accommodation that does not comply with ADA laws and regulations or the WLAD, and thus Mr. Lewis brings this action to end the civil rights violations at a place of public accommodation by Defendants against him as well as other customers with mobility disabilities.

1.11 Mr. Lewis brings this lawsuit to ensure that he and other customers with mobility disabilities have accessible and safe access to these businesses.

## II. JURISDICTION AND VENUE

2.1 This action arises under the laws of the United States and is brought pursuant to §12132. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights jurisdiction)

2.2 The court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to Washington's Law Against Discrimination, RCW 49.60, pursuant to 28 U.S.C. § 1367.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

2.3 Venue in this court is proper pursuant to 28 U.S.C. § 1391(b)(2), as all of the events giving rise to the claims occurred in King County, Washington State.

## III. PARTIES

3.1 Steve Lewis is the Plaintiff in this action. Mr. Lewis is a resident of King County, Washington, which is in this judicial district.

3.2. Mr. Lewis is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq. Mr. Lewis has a mobility disability and is unable to walk. Mr. Lewis uses a wheelchair and a modified vehicle for transportation and requires accessible parking and an accessible route to be able to safely and comfortably patronize places of public accommodation, such as the businesses located at Defendants' 20th Street Property.

3.3. CTC Property, LLC is a Washington limited liability company that owns property in the greater Seattle metropolitan area that is commercial real estate. This commercial real estate houses businesses that cater to the public. In information and belief, CTC Property, LLC owns the property located at 14220 NE 20th St. Bellevue WA 98007, Parcel Number 6391200020.

3.4 Defendant Cynthia Kay is a Governor of CTC Property, LLC. On information and belief, Cynthia Kay receives and reviews property requirements and makes determinations regarding any violations.

3.5 Defendants own the commercial real estate 20th Street Property, which has multiple businesses that operate as places of public accommodation. Parking for these businesses is open to the public in one lot that serves the Shopping Plaza in front of the buildings on 20th Street and another location behind the buildings on 21st Street.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## IV. FACTS

4.1 Defendants own and/or manage commercial real estate at the 20th Street Property. The real estate houses several businesses that are served by parking that is open to members of the public who patronize the businesses.

4.2 The business at the 20th Street Property include two restaurants, a hair salon and a retail store.

4.3 The parking available to the public at the 20th Street Property includes one parking lot facing the Sopping Plaza businesses on 20th Street and one parking lot behind the Shopping Plaza buildings on 21st Street.

4.4 Per the ADA, a restaurant, bar, or other establishment serving food or drink, bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment, laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment as the businesses themselves are commercial facilities intended for nonresidential use, and their operations affect commerce. 42 U.S.C. § 12181(7).

4.5 Thus, the two portions of the parking facilities that are open to the public located at Defendants' 20th Street Property (on 20th Street and 21st Street), the routes from those parking facilities to the businesses, and the businesses themselves are commercial facilities intended for nonresidential use, and their operations affect commerce. 42 U.S.C. § 12181(7)

4.6 Additionally, the portions of the two parking facilities that are open to the public located at Defendants' 20th Street Property (on 20th Street and 21st Street), the routes from those

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

parking facilities to the businesses, and as the businesses themselves are places of public resort and accommodation under the WLAD. RCW 49.60.040(2).

4.7 More than thirty years after the passage of the ADA, Defendants discriminate against individuals with disabilities who have mobility impairments. Defendants own and operate commercial real estate that operates public parking facilities and routes from those facilities to public businesses in such a way that individuals with disabilities who have mobility impairments are provided unequal access and enjoyment to the services and amenities of both the parking and the businesses.

4.8 For facilities at Defendants' property altered after January 26, 1992, Defendants must ensure that any altered portions of 20th Street Property (including restriping) are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. 42 U.S. Code § 12183(a)(2).

4.9 To comply with the ADA's non-discrimination provisions with respect to facilities at Defendant's property newly constructed after January 26, 1992, Defendants must comply fully with the ADA standards 42 U.S. Code § 12183(a)(1).

4.10 With respect to any parking facilities whose construction or last alteration predates January 26, 1992, Defendants must remove all architectural barriers to Plaintiffs' full and equal enjoyment of Defendants' parking services if readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The duty to remove architectural barriers includes creating designated accessible parking spaces, see 28 C.F.R. § 36.304(b)(18), making the 1991 ADA Standards applicable if readily achievable.

4.11 2010 ADA Standards for Accessible Design were published September 15, 2010 and became effective on March 15, 2012. Thus, the 2010 ADA Standards apply to any of Defendants parking facilities whose construction or last alteration postdates that effective date.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.12 With regards to the two parking facilities, Defendants must provide accessible parking—in terms of the number of required accessible parking spaces, the design specifications for such spaces, and ingress/egress to each facility, inter alia—that is consistent with the 2010 ADA Standards, see 28 CFR part 36, subpart D and the 2004 Americans with Disabilities Act Accessibility Guidelines (ADAAG) at 36 CFR part 1191, appendices B and D; or, in pertinent part, with the 1991 ADA Standards under 28 CFR part 36, subpart D (hereinafter collectively "ADA Standards").

4.13 On information and belief, the public parking facilities owned, or operated by Defendants at 20th Street Paza were either constructed or altered (by resurfacing, restriping, or other construction) after January 26, 1992, making Defendants subject to the applicable 1991 ADA Standards or 2010 ADA Standards.

4.14 The 1991 ADA Standards and 2010 ADA Standards set forth numerical requirements for the number of accessible parking spaces each parking facility[1] is required to contain. The number of parking spaces required to be accessible is to be calculated separately for each parking facility.

4.15 For parking facilities with 1-25 total spaces must be one (1) accessible space. For parking facilities containing 26 to 50 total spaces, there must be two (2) accessible spaces. For parking facilities containing 51 to 75 total spaces, there must be three (3) accessible spaces. For parking facilities containing 76 to 100 total spaces, there must be four (4) accessible spaces. For parking facilities containing 101 to 150 total spaces, there must be five (5) accessible spaces. For parking facilities containing 151 to 200 total spaces, there must be six (6) accessible spaces. For

[1] Parking facilities are defined in the ADA Standards as both surface parking lots and parking structures such as garages.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

parking facilities containing 201 to 300 total spaces, there must be seven (7) accessible spaces. For parking facilities containing 301 to 400 total spaces, there must be eight (8) accessible spaces. For parking facilities containing 401 to 500 total spaces, there must be nine (9) accessible spaces. For parking facilities containing 501 to 1000 spaces, there must be at least 2 percent of the total number of spaces designated for accessible parking. Tables reflecting the numerical requirements under both the 1991 ADA Standards and 2010 ADA Standards are respectively available under 28 C.F.R. Pt.36, App. A, § 4.1.2(5) (1991); and 36 C.F.R. part 1191, App. B, § 208.2.

4.16 In addition to numerical requirements, the ADA Standards mandate that each standard accessible space be a minimum of 96 inches in width. *See* § 4.6.3 of the 1991 ADA Standards, § 502.2 of the 2010 ADA Standards.

4.17 There must also be an access aisle at least 60 inches wide for each space (though the same aisle may serve two adjacent spaces), which extends the entire length of the space. *See* § 4.6.3 of the 1991 ADA Standards, §§ 502.3.1-502.3.2 of the 2010 ADA Standards.

4.18 Per §502.3.3 of the 2010 ADA Standards, access aisles are to be marked to discourage parking in them.

4.19 Per the 1991 ADA Standards, one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 inches wide at minimum and shall be designated "van accessible" on the sign designating the space. §§ 4.1.2(5)(b), 4.6.4 of the 1991 ADA Standards. The parking facility must allow a minimum clearance of 98 inches at "van accessible" designated spaces and along at least one vehicle access route to such spaces from site entrance(s) and exit(s). *Id.* § 4.6.5.

4.20 The 2010 ADA Standards, where applicable, require that one in every six (or fraction of six) accessible spaces be designated as "van accessible" on the parking space

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

identification sign. §§ 208.2.4, 502.6 of the 2010 ADA Standards. The 2010 ADA Standards have the same vertical clearance specifications of 98 inches as the 2010 ADA Standards. *See id*. § 502.5.

4.21 The 2010 ADA Standards require the "van accessible" parking space to be either to be 132 inches (3350 mm) wide minimum with a 60 inches wide access aisle, or, like the 1991 ADA Standards, to be 96 inches (2440 mm) wide minimum where the access aisle is 96 inches (2440 mm) wide minimum. *Id.* § 502.2. Angled "van accessible" parking spaces are required to have access aisles located on the passenger side of the parking spaces. *Id.* § 502.3.4.

4.22 The ADA Standards require that accessible parking spaces and access aisles serving them be level with surface slope changes not permitted above 1:50 maximum in the 1991 ADA Standards and 1:48 maximum in the 2010 ADA Standards. *See* § 4.6.3 of the 1991 ADA Standards, §§ 502.4, 302 of the 2010 ADA Standards.

4.23 The ADA Standards require accessible parking spaces be designated as reserved by a sign designating the space that shows the International Symbol of Accessibility ("ISA"). "Van accessible" spaces shall have an additional sign designation of "van accessible" mounted below the symbol of accessibility. §§ 4.6.4, A4.6.4 of the 1991 ADA Standards, § 502.6 of the 2010 ADA Standards.

4.24 The 1991 ADA Standards only require signs designating accessible parking to be located so they cannot be obscured by a vehicle parked in the space (§ 4.6.4 of the 1991 ADA Standards), but the 2010 ADA standards require signs to be 60 inches (1525 mm) minimum above the finish floor or ground surface measured to the bottom of the sign. § 502.6 of the 2010 ADA Standards.

4.25 In accordance with the ADA Standards, accessible parking spaces serving a particular building are to be located on the shortest accessible route of travel from adjacent parking

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking is to be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances. *See* § 4.6.2 of the 1991 ADA Standards, § 208.3.1 of the 2010 ADA Standards.

4.26 The ADA Standards provide that the number of spaces required need not be provided in a particular lot and may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and user convenience is ensured. *See* § 4.1.2(5)(a) of the 1991 ADA Standards, § 208.3.1 of the 2010 ADA Standards. "User convenience" is further described in the 2010 Standards as factors that include but are not limited to, protection from the weather, security, lighting, and comparative maintenance of the alternative parking site.

4.27 The ADA Standards further mandate that a parking facility has an accessible route that connects building or facility entrances with all accessible spaces and elements within the building or facility, including accessible parking spaces. *See* § 4.1.3 (1) of the 1991 ADA Standards; §§ 206.2.1-206.2.2 of the 2010 ADA Standards.

4.28 Thus, there must be an accessible route connecting the ADA-designated parking at the 20th Street Property with the entrances to the businesses it serves.

4.29 This accessible route must be connected to the access aisle of accessible parking spaces and must be a minimum of 36 inches (915 mm) wide. *See* § 4.6.2 of the 1991 ADA Standards, §§ 403.5.1, 502.3 of the 2010 ADA Standards.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.30 Ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, slip resistant. § 4.5.1 of the 1991 ADA Standards, § 303.1 of the 2010 ADA Standards.

4.31 Openings that are within walking surfaces along accessible routes then shall have spaces no greater than 1/2 in (13 mm) wide in one direction. Elongated openings shall be placed so that the long dimension is perpendicular to the dominant direction of travel § 4.5.4 of the 1991 ADA Standards, § 302.3 of the 2010 ADA Standards.

4.32 The run slope of walking surfaces on the accessible route shall not be steeper than 1:20 (5%). § 4.3.7 of the 1991 ADA Standards, § 403.3 of the 2010 ADA Standards.

4.33 The cross slope of walking surfaces on an accessible route shall not be steeper than 1:48 (2.08%) In the 2010 ADA Standards and may not be than 1:50 (2%) in the 1991 ADA Standards. § 403.3 of the 2010 ADA Standards, § 4.3.7 of the 1991 ADA Standards.

4.34 Ramps on an accessible route shall have a running slope not steeper than 1:12 (8.33%). §4.8.2 of the 1991 ADA Standards, § 405.2 of the 2010 ADA Standards.

4.35 Curb ramps and ramps on an accessible route to be constructed on existing sites or in existing buildings or facilities where space limits prohibit use of a 1:12 (8.33%) slope or less, may, for a maximum rise of 6 inches have slopes between 1:12 (8.33%) and 1:10 (10%), and for a maximum rise of 3 inches it may have slopes between 1:10 (10%) and 1:8 (12.5%). A slope steeper than 1:8 (12.5%) is not allowed. §4.1.6(3)(a) of the 1991 ADA Standards, § 405.2 of the 2010 ADA Standards.

4.36 Ramps on an accessible route must have a cross slope of no steeper than 1:48. § 405.3 of the 2010 ADA Standards.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.37 On an accessible route, the clear width of a ramp run and, where handrails are provided, the clear width between handrails must be 36 inches minimum. § 4.8.3 of the 1991 ADA Standards, § 405.5 of the 2010 ADA Standards.

4.38 On an accessible route, Ramp runs with a rise greater than 6 inches (150 mm) must have handrails on both sides. § 4.8.5 of the 1991 ADA Standards, §§ 405.8, 505.2 of the 2010 ADA Standards.

4.39 On an accessible route, Edge protection must be provided on each side of ramp runs and at each side of ramp landings. §§ 4.8.5, 4.8.7 of the 1991 ADA Standards. § 405.9 of the 2010 ADA Standards.

4.40 Where provided on an accessible route, curb ramps flares shall not be steeper than 1:10. § 4.7.5 of the 1991 ADA Standards, § 406.3 of the 2010 ADA Standards.

4.41 The 2010 ADA Standards state that the landing at the top of a curb ramp on an accessible route must be 36 inches (915 mm) minimum. In alterations, where there is no landing at the top of curb ramps, curb ramp flares shall be provided and shall not be steeper than 1:12. § 406.4 of the 2010 ADA Standards.

4.42 28 CFR § 36.211(a) requires that "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part. 28 CFR § 36.211(a).

4.43 Based on Mr. Lewis' visit to the 20th Street Plaza property, Defendants do not comply with the applicable required numerical and design specifications under the ADA Standards at the two parking facilities, as specified below.

**<u>20th Street Parking Facility</u>**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.44 The parking facility that serves the front entrances of the 20th Street Property businesses also serves the parcels to the East and West.

4.45 20th Street Property businesses served by the parking facility include Möge Tee (a tea café), Nan Noodles, VLV Cuts (a hair salon), and Hockey-Lacrosse WOLF (a sports store).

4.46 The portion of the parking facility serving the front of the 20th Street Property businesses contains greater than 10 total parking stalls with 1 space among those designated as "accessible."

4.47 The designated accessible space connects via a ramp to a sidewalk. This ramp is located within the space and access aisle as can be seen below:

4.48 The ramp to access the sidewalk from the space is not compliant with the ADA Standards. This ramp is built up within the access aisle of the space and the front right portion of the space itself. This design choice not only creates changes in level within the access aisle and space greater than what is allowable under the ADA standards, but the ramp itself does not comply with the ADA Standards as it is sloped much greater than the standards allow.

4.49 The designated accessible space is not designated "van accessible".

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.50 The designated accessible space has a sign designating the space that is so short it would be obscured by a car parking in the space.

4.51 The access aisle for the designated accessible space is less than 60 inches in width.

4.52 The designated accessible space and the access aisle contain changes in level within the space and aisle that are greater than what the ADA Standards allow.

4.53 The route to the shopping Plaza Businesses to the east and west of the designated accessible space contain ramps that do not comply with the ADA Standards. On information and belief, half of these ramps are located within Defendants' 20th Street Property.

4.54 Both ramps do not have handrails, do not have edge protection, have a rise greater than 6 inches and contain running slopes that exceed the maximum allowed by the ADA Standards.

4.55 Photographs of these ramps are included below:

**<u>21st Street Parking Facility</u>**

4.56 The parking facility that serves the back of the 20th Street Property businesses also serves the parcels to the East and West.

4.57 The portion of the parking facility that serves the back of the 20th Street Property businesses contains more than 5 parking spaces, with none designated as "accessible."

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.58 The federal ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability." The ADA prohibits public accommodations, like the parking serving 20th Street Plaza that Defendants own and operate, from providing individuals with disabilities with separate or unequal benefits and services.

4.59 Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

4.60 Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." *Id.*

4.61 Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." *Id.*

4.62 Defendant's 20th Street Property, Parcel Number 6391200020 located at or around 14220 NE 20th Street Bellevue, WA 98007 is a place of public accommodation.

4.63 Defendants' 20th Street Property, due to the enumerated barriers to accessibility and access enumerated above, is in violation of applicable standards under the ADA and WLAD.

4.64 Mr. Lewis has patronized the places of public accommodation at the Shopping Plaza where the 20th Street Property is located in the past and intends to do so in the future in order to gain access to the multiple businesses in operation at the location.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## V. CAUSES OF ACTION

### First Cause of Action
### Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12101 *et seq.*

5.1 Plaintiff Steve Lewis is a qualified individual with a disability as defined under the ADA 42 U.S.C. § 12102.

5.2 Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

5.3 Incorporating by reference the allegations stated above, Defendants' practice alleged herein of not providing facilities that comply with the ADA violates Plaintiff's rights under that statute.

5.4 Defendants own the 20th Street Property, which houses several businesses open to the public as well as the two parking locations that serve the businesses.

5.5 The 20th Street Property businesses, the parking accommodations serving the businesses, and the routes from the parking are public accommodations. 42 U.S.C. § 12181(7)(B).

5.6 In light of Defendants' acts and omissions under the ADA as alleged herein, Plaintiff has suffered discrimination in the participation of and benefits of the 20th Street Plaza businesses and parking accommodations serving the businesses. See 42 U.S.C. § 12182.

5.7 Defendants have failed to remediate architectural barriers and other ADA violations alleged herein, which will foreseeably abridge Mr. Lewis' rights in the future and deny him access to the benefits and services at Defendants' 20th Street Property in the future unless the requested injunctive relief herein is granted.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

5.8 Plaintiff is entitled under the ADA to monetary damages, declaratory and injunctive relief, and reasonable costs and attorneys' fees. 42 U.S.C. § 12188, 42 U.S.C. § 12205.

**Second Cause of Action**
**Washington Law Against Discrimination Revised Code of Washington §§ 49.60.010-49.60.505**

5.9 Mr. Lewis has a disability as defined under the WLAD. RCW 49.60.040(7).

5.10 Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of…the presence of any sensory, mental, or physical disability…is recognized as and declared to be a civil right. This right shall include, but not be limited to: … (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement…."

5.11 20th Street Plaza is a "place of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040.

5.12 Plaintiff is informed, believes, and thereon alleges that Defendants and its agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by unlawfully denying Plaintiff full and equal access to the 20th Street Plaza places of public accommodation for the reasons set forth above, including violating the ADA.

5.13 Incorporating by reference the allegations stated above, Defendants' practice alleged herein of not providing facilities that comply with the ADA denies Plaintiff the right of full enjoyment of the public accommodations of the businesses and parking serving the business at the 20th Street Property. This constitutes discrimination on the basis of Plaintiff's disabilities, in violation of the WLAD.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

5.14 Defendant's actions constitute discrimination against Plaintiff and violate the Washington Law Against Discrimination, Revised Code of Washington sections 49.60.010 et seq., in that Plaintiff is being denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides.

5.15 Because Plaintiff has a clear legal right to access Defendant's 20th Street Property places of public accommodation, a well-grounded fear of an immediate and future invasion of that right, and the acts complained of are resulting or will result in actual injury because of Defendants' discriminatory conduct as alleged herein, declaratory and injunctive relief are appropriate remedies. *See Kucera v. Dep't of Transp.*, 140 Wn.2d 200 (2000).

5.16 Plaintiff request for injunctive relief is prospective and intended to protect the rights of both himself and other customers with disabilities who do and may wish to patronize the places of public accommodation at 20th Street Plaza.

5.17 Pursuant to Wash. Rev. Code § 49.60.030(2), Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

6.1 That this Court assume jurisdiction;

6.2 A declaration that Defendants' actions and inactions violated Plaintiff's civil rights under the ADA and WLAD;

6.3 That this Court issue declaratory and injunctive relief ordering the Defendants to bring Parking lot into compliance with, and to operate Parking lot in compliance with, the Americans with Disabilities Act, pursuant to 42 U.S.C. § 12205; and the WLAD;

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

6.4 Judgment against Defendant for compensatory damages in an amount to be proven at trial;

6.5 That this Court award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205, and RCW 49.60.030(2); and

6.6 That this Court award such additional or alternative relief as may be just, proper and equitable.

6.7 The right to conform the pleadings to the evidence presented.

RESPECTFULLY SUBMITTED this 4th day of April, 2024.

WASHINGTON CIVIL & DISABILITY ADVOCATE

/s/ *Conrad Reynoldson*
Conrad Reynoldson, WSBA #48187
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 876-8515
conrad@wacda.com

/s/ *Marielle Maxwell*
Marielle Maxwell, WSBA #54957
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 455-6430
marielle@wacda.com

*Attorneys for Plaintiff Steve Lewis*